# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 8054 | DATE | 2/27/2004 |
| CASE TITLE | Pedro Rodriguez vs. Cynthia J. O'Connell et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We grant the motion for summary judgment filed by defendants. Judgment is hereby entered in favor of defendants, and this case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 1 - 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 1 - 2004

MAR 1 - 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO RODRIGUEZ, | ) |
| Petitioner, | ) |
| v. | ) No. 02 C 8054 |
| CYNTHIA J. O'CONNELL, Interim District Director for Interior Enforcement, Bureau of Immigration and Customs Enforcement, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) Wayne R. Andersen ) District Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

Pro se petitioner, Pedro Rodriguez, filed a petition for writ of habeas corpus alleging that defendants' continued detention of him is unconstitutional. Defendants have filed an unopposed motion for summary judgment which is currently before the Court. For the following reasons, defendants' motion for summary judgment is granted.

## BACKGROUND

Petitioner is a fifty-nine year old male who is a native and citizen of Cuba. Petitioner arrived in the United States at Key West, Florida on May 17, 1980 on the Mariel boat lift. Petitioner had originally been placed in exclusion proceedings in March of 1991. At that time, the immigration judge determined that he was inadmissible to the United States pursuant to Sections 212(a)(9) and (23) of the Immigration and Nationality Act based upon his criminal convictions and for being an immigrant not in possession of a valid immigrant visa or other entry document. Petitioner was given the opportunity to apply for political asylum by the judge at that time, however, he declined to do so. Petitioner did not appeal this decision to the Board of

/6

Immigration Appeals and, therefore, he is subject to a final order of removal from the United States.

On June 7, 1991, petitioner was approved for a "Special Placement Program" through the Department of Justice, the Community Relations Service, and with the concurrence of the Commissioner of the Immigration and Naturalization Service ("INS"). This program allowed petitioner to be released from INS custody on conditional parole, the terms of which were explained to him in Spanish, his native language, and agreed to by him as evidenced by his signature on the agreement form.

On December 10, 1998, petitioner was convicted of two counts of second-degree murder and sentenced to thirteen years in the Illinois Department of Corrections (IDOC). Due to this conviction, petitioner's parole status was revoked by the District Director of the INS on April 6, 1999. Petitioner was released from IDOC and placed into INS custody on August 14, 2002.

On August 16, 2002, pursuant to 8 C.F.R. § 212.12, Deportation Officer James McPeek reviewed petitioner's case and custody status and recommended his continued detention. This recommendation was endorsed by the Supervisory District Deportation Officer and, ultimately, by the INS Headquarters Official on August 20, 2002. Pursuant to the regulatory framework for Cuban detainees who have previously been granted parole and subsequently had the parole denied, petitioner was interviewed by the INS on June 13, 2003, and his continued detention was recommended. On December 9, 2003, the INS issued an order denying petitioner's release and ordering his continued detention.. See 8 C.F.R. § 212.12(g)(2).

## DISCUSSION

A court may grant summary judgment to the moving party when there is no genuine issue

of material fact and the movant is entitled judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact only exists when a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering the motion, all reasonable inferences must be drawn in favor of the non-moving party. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U. S. 144, 157 (1970); *Bailor v. Salvation Army*, 51 F.3d 678, 681 (7th Cir. 1995). However, the party opposing the motion may not avoid summary judgment by resting upon the mere allegations of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The non-movant must present more than a scintilla of evidence to successfully oppose a motion for summary judgment. *See Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir. 1995). Indeed, the party must go beyond the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi LeIsrael, BMM v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991); *see also Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994).

In his habeas petition before this Court, petitioner alleges "unlawful detention" under the United States Supreme Court's ruling in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001) because the INS has continued his detention beyond six months. The petition also alleges that this Court has jurisdiction over this petition because petitioner is guaranteed habeas review as a matter of constitutional right.

Section 236(a) of the Immigration and Nationality Act authorizes the Attorney General to detain aliens pending their removal from the United States. 8 U.S.C. § 1226(a). Section 236(c)(1)(A) provides for mandatory custody, without bond, of any alien who "is inadmissible by

3

reason of having committed any offense covered in section 212(a)(2), 8 U.S.C. § 1182(a)(2)." Petitioner has committed two violent crimes (second degree murder), which render him inadmissible under Section 212(a)(2)(i)(I), 212(a)(2)(B), and 212(a)(7)(A)(i)(I) (formerly codified at Section 212(a)(9) and (23). See The Immigration and Nationality Act of 1952, as amended, 8 U.S.C. §101, et. seq. (1990). Thus, petitioner has been properly held in INS custody pending the resolution of his immigration case.

Petitioner now has a final order of removal entered against him by an immigration judge after review of his immigration case. Because he is a Mariel Cuban who entered the country in 1980, he is subject to the review provisions set forth in the federal regulations at 8 C.F.R. §212.12. In this case, the undisputed facts show that those procedures have been followed by the defendants in dealing with petitioner.

Petitioner was transferred into INS custody in August of 2002, and his review was conducted within two days of his entry into custody. Pursuant to 8 C.F.R. §212.12, petitioner is entitled to an annual review of his custody status according to the Cuban Review Plan. The review that petitioner is entitled to involves a review of his record, his personal interview before a Cuban Review Panel and consideration of any information he submits to the panel in support of his application for release on parole. 8 C.F.R. §212.12(a), et. seq.

In this case, it is clear from the report that the review considered all aspects of petitioner's case and that the seriousness of his criminal convictions were taken into account, as well as his history of violence. In addition, the fact that petitioner had previously been granted parole by the District Director, and he violated that parole, was part of the record assessed as well. Thus, petitioner has had a meaningful review of his custody status, and this has been done appropriately

in accordance with the regulations set forth in 8 C.F.R. §212.12.

While petitioner relies upon the Supreme Court's ruling in *Zadvydas* to invoke the jurisdiction of this court, his case does not fall within the jurisdictional parameters of that case. As a native and citizen of Cuba who arrived in this country on a Mariel boatlift in 1980, petitioner was paroled into the country. He has never been admitted as a lawful permanent resident and, therefore, the Court's holding in *Zadvydas* does not apply to him. Those individuals who have not effected an "entry" are not covered by the ruling of the Supreme Court in *Zadyvdas*. That ruling was based upon the statutory construction of INA §241 to avoid constitutional questions, which the Court indicated would not be raised by the continued detention of persons who have not "entered." *See, e.g., Zadvydas v. Davis, et al*, 121 S.Ct. 2495. *See also,* comments to proposed, regulations, 66 Fed. Reg. 56967, 56968 (Nov. 14, 2001). Therefore, the Supreme Court's holding in *Zadvydas* does not support petitioner's petition for habeas corpus.

For the reasons stated above, we find that summary judgment must be granted in defendants' favor. The case law that petitioner relies upon does not apply to an individual who has been paroled into the country from Cuba. Moreover, there are specific regulations and procedures for release which deal separately with Cuban nationals who are in the United States pursuant to parole rather than those individuals who have actually made a lawful entry into the country. *See Zadvydas,* 121 S.Ct. at 2495. In this case, the undisputed facts demonstrate that defendants have appropriately complied with the regulations and procedures applicable to petitioner.

## CONCLUSION

For the foregoing reasons, we grant the motion for summary judgment filed by defendants. Judgment is hereby entered in favor of defendants, and this case is hereby terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 27, 2004